PER CURIAM.
In this workers’ compensation case, the employer and carrier (E/C) challenge the Judge of Compensation Claims’ (JCC) finding that Appellee was, at the time of his injury, a sole proprietor actively engaged in the construction industry. Appellants also argue that Sections 440.02(7) and 440.02(14)(c), Florida Statutes (1999), are unconstitutionally vague. We reject Appellant’s constitutional challenge without further comment.
Compensability for Appellee’s injuries, suffered when he fell from a trailer and fractured his arm, turns on the issue of whether he was a statutory employee at the time of his injury. Pursuant to section 440.02(14)(c), Florida Statutes (1999), a sole proprietor actively engaged in the construction industry is an employee unless he elects to be excluded from the definition of employee by filing a notice with the Division of Workers’ Compensation. It is undisputed that Appellee was a sole proprietor. However, because there is not competent, substantial evidence to support the JCC’s finding that Appellee was actively engaged in the construction industry at the time of his injury, we reverse and remand.
The Workers’ Compensation Law provides a specific definition for the construe *1053 tion industry. Construction industry means:
For-profit activities involving the carrying out of any building, clearing, filling, excavation, or substantial improvement in the size or use of any structure or the appearance of any land. When appropriate to the context, “construction” refers to the act of construction or the result of construction. However, “construction” shall not mean a landowner’s act of construction or the result of a construction upon his or her own premises, provided such premises are not intended to be sold or resold.
Section 440.02(7), Florida Statutes, 1999.
Appellee did not satisfy his evidentiary burden to show that he was engaged in the construction industry. Although Appellee testified that, at the time of the accident, he was hauling construction and demolition materials, there is no evidence concerning the source of these materials and what activities were occurring, if any, at the sites that these materials came from. In short, Appellee did not proffer competent, substantial evidence upon which the JCC could have reasonably concluded Appellee was actively engaged in the construction industry at the time he sustained his injuries.
REVERSED AND REMANDED.
BARFIELD, MINER and POLSTON, JJ., concur.